UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY ALLEN BUTTS,

        Petitioner,

v.                                                    CASE NO. 06-14784
                                                    HONORABLE NANCY G. EDMUNDS

SHERRY L. BURT,

        Respondent.
_____/

# OPINION AND ORDER
## (1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,
## (2) DISMISSING THE HABEAS CORPUS PETITION, AND
## (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Petitioner Gregory Allen Butts has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Currently pending before the Court is Respondent's motion for summary judgment. The Court agrees with Respondent that Petitioner has failed to comply with the statute of limitations. Accordingly, Respondent's motion will be granted, and the habeas petition will be dismissed.

## I. Background

On November 2, 1995, Petitioner pleaded *nolo contendere* in Wayne County, Michigan to four counts of criminal sexual conduct in the first degree. *See* Mich. Comp. Laws § 750.520b(1)(b)(ii) (sexual penetration with a relative who is at least 13 years of age, but less than 16 years of age). On January 8, 1996, the trial court sentenced Petitioner to imprisonment for twenty-five to fifty years on one count and twenty-five to forty years on the remaining counts. The court ordered all the prison terms to run concurrently.

Petitioner did not appeal his convictions, but on or about June 8, 1999, he filed a motion for relief from judgment through counsel. On October 6, 1999, the trial court denied the motion, and on June 8, 2000, the Michigan Court of Appeals denied leave to appeal the trial court's decision. *See People v. Butts*, No. 223882 (Mich. Ct. App. June 8, 2000). Petitioner did not appeal the court-of-appeals decision to the Michigan Supreme Court. He filed his habeas corpus petition on October 23, 2006.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year statute of limitation for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitation period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections B through D of the statute are not applicable here because Petitioner is not asserting a new constitutional right or newly discovered facts, and he has not shown that a state-created impediment prevented him from filing a timely habeas petition. Therefore, the statute of

limitations began to run when his convictions became final. 28 U.S.C. § 2244(d)(1)(A). The limitation period ordinarily begins to run under § 2244(d)(1)(A) when

> the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired. A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari. Sup. Ct. R. 13.

*Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Petitioner did not file a direct appeal from his convictions. Therefore, his convictions became final on January 8, 1997, or one year after he was sentenced. *See* Mich. Ct. R. 7.205(F)(3) (providing twelve months after entry of a judgment or order to file an application for leave to appeal in the Michigan Court of Appeals); *see also Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.) (stating that, because the petitioner did not file an application for leave to appeal his conviction in the Michigan Supreme Court, the one year limitations period for filing his habeas petition began to run when the time for seeking leave to appeal in the Michigan Supreme Court expired). The statute of limitations began to run on the day after Petitioner's convictions became final, and it expired one year later on January 8, 1998. Petitioner filed his habeas corpus petition several years later in October of 2006. The petition is untimely, absent tolling.

### B. Statutory Tolling under 28 U.S.C. § 2244(d)(2)

"[T]he one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)." *Ege v. Yukins*, __ F.3d __, __, No. 05-2078, 2007 WL 1191911, at *6 (6th Cir. Apr. 24, 2007). Petitioner filed a post-conviction motion in state court,

3

but he did not file the motion until June of 1999. By then, the one-year limitation period had expired. Therefore, the statute of limitations was not affected by the filing of the motion. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

### C. Equitable Tolling

Equitable tolling applies to the one-year limitation period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). However, a petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Petitioner has not shown diligence in pursuing his rights. He filed his motion for relief from judgment after the limitation period expired, and he waited over six years to file his habeas petition after the state courts completed their review of his motion.

Petitioner also has not shown that some extraordinary circumstance prevented him from filing a timely habeas petition. His response to Respondent's motion merely argues the substantive merits of his habeas claims.

### III. Conclusion

The one-year limitation period expired before Petitioner filed his habeas corpus petition, and neither statutory tolling under 28 U.S.C. § 2244(d)(2), nor equitable tolling, is appropriate. Accordingly, Respondent's motion for summary judgment [Dkt. 9, May 2, 2007] is GRANTED, and the habeas petition [Dkt. 1, Oct. 23, 2006] is DISMISSED with prejudice. The Court DECLINES to grant a certificate of appealability, because reasonable jurists would not debate whether the Court's procedural ruling is correct and whether the habeas petition states a valid

4

claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                s/Nancy G. Edmunds
                Nancy G. Edmunds
                United States District Judge

Dated: June 11, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 11, 2007, by electronic and/or ordinary mail.

                s/Carol A. Hemeyer
                Case Manager